# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBYN GREEN AND ROBERT GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1565** |
| **MYRIO COTTON, ET AL** | **SECTION: "C" (4)** |

### ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.

The plaintiffs' petition concerns an automobile accident in Washington Parish on May 7, 2009. This matter was removed on the basis of diversity jurisdiction. (Rec. Doc. 1).

On June 23, 2010, the Court ordered that the parties file memoranda addressing whether the jurisdictional amount in controversy was satisfied at the time of removal.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett*

*v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id*. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

      Defendant asserts the following in an effort to establish the jurisdictional minimum:

      1) A settlement regarding damages to a horse trailer for $8,200 was agreed to in principle prior to the filing of the instant lawsuit, but was never reduced to writing (Rec. Doc. 9 at 3);

      2) Plaintiffs bring claims for penalties, attorney's fees, and general damages for breach of Chappell Insurance Services duty to act in good faith (Rec. Doc. 9 at 3);

      3) Plaintiffs request punitive damages (Rec. Doc. 9 at 4); and

      4) Plaintiffs allege back and neck injuries (Rec. Doc. 9 at 4).

Defendants rely heavily on speculation that a punitive damages award could vastly exceed a compensatory damages award, citing *Mosing v. Dumas*, 830 So.2d 967 (La. 2002) for the proposition that punitive damages can reach nine times the compensatory damages.

      Plaintiffs argue that the damages sustained are limited to the damage to the horse trailer

and quarter horse, that Robert Green sustained no physical injuries and that Robyn Green sustained only "muscle strains and sprains." (Rec. Doc. 10 at 1).

Because Defendants attach no evidence establishing the expected recovery in any of the factual claims recited above, and because any punitive damages award is purely speculative at this time, the Court cannot find by a preponderance of the evidence that $75,000 is in controversy.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Washington, State of Louisiana, for lack of jurisdiction.

New Orleans, Louisiana, this 11th day of August, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**